UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JILL OTIS,**

    **Plaintiff,**

    v.                                                   Case No. 22-CV-399-SCD

**ZURICH AMERICA INSURANCE COMPANY, KWIK TRIP INC., TRAVIS HOOVER,** and **DEBERA B. MANGER,**

    **Defendants.**

---

### REPORT AND RECOMMENDATION TO DISMISS ACTION

---

According to the complaint, *pro se* Plaintiff Jill Otis is a devotee of Kwik Trip burritos. *Id.* at 1. Otis claims that on December 14, 2021, a Kwik Trip employee marked her burrito with black ink (instead of marking the burrito's *wrapper* with ink). *See id.* Otis allegedly consumed some of the black ink and became ill. *Id.* Otis filed a claim with Zurich America Insurance Company, Kwik Trip's insurer. ECF No. 1-1 at 1. Zurich denied Otis' claim on the basis that its investigation did not find that she had actually ingested any ink or suffered any injury. *Id.*

Unhappy with that result, Otis filed suit in federal court against Zurich, Kwik Trip, a claim specialist for Zurich (Hoover), and an unknown party (Manger). (The latter three parties appear on the docket as defendants, but the complaint's caption appears to "CC" them rather than name them as defendants.) Otis' claim sounds in tort law; her theory is that Kwik Trip negligently put ink in her burrito, causing her sickness. As recompence, she seeks $63,000. ECF No. 1 at 2. The clerk of court randomly assigned the matter to me. Otis requests to

proceed in this action without paying the court's filing fee. However, because this court lacks subject matter jurisdiction, I will recommend that the complaint be dismissed.

A federal court may only wield "power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal courts are courts of limited jurisdiction, which means courts have a duty to evaluate whether jurisdiction is present in every case. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009). In this case, jurisdiction is absent.

Federal courts exercise subject matter jurisdiction over two types of cases. Under the courts' diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Here, the complaint requests $63,000 in damages, which is below the $75,000 threshold. *Holcombe v. Smithkline Beecham Corp.,* 272 F. Supp. 2d 792, 796 (E.D. Wis. 2003) ("Under well-settled principles, the plaintiff is the master of his or her claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.") (quoting 14B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3702 (3d ed. 1998)). So, no diversity jurisdiction.

"The district courts shall [also] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Otis' tort claim does not trigger "federal question" jurisdiction either because her claim sounds in state law, not federal law or the Constitution. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6

(2003). Thus, without either federal question or diversity jurisdiction, no federal court may preside over this case.

## CONCLUSION

I recommend that Otis' motion to proceed *in forma pauperis*, ECF No. 3, be denied as moot, and that her complaint, ECF No. 1, be dismissed for lack of subject matter jurisdiction. Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Accordingly, the clerk of court shall randomly assign this matter to a district judge for consideration of the following recommendations: (1) that this action be dismissed for lack of subject matter jurisdiction; (2) that Otis' request for leave to proceed without prepaying the filing fee be denied as moot; and (3) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 6th day of April, 2022.

_____
STEPHEN C. DRIES
United States Magistrate Judge

3

Case 2:22-cv-00399-PP   Filed 04/06/22   Page 3 of 3   Document 4