UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JILL OTIS,

          Plaintiff,

v.

          Case No. 22-cv-399-pp

ZURICH AMERICA INSURANCE COMPANY,
KWIK TRIP INC., TRAVIS HOOVER,
and DEBERA B. MANGER,

          Defendants.

---

**ORDER ADOPTING RECOMMENDATION (DKT. NO. 4), DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND DISMISSING CASE**

---

On April 6, 2022, the court received a report and recommendation from Magistrate Judge Stephen C. Dries recommending that this court dismiss the plaintiff's complaint for lack of subject-matter jurisdiction and that it deny her motion to proceed without prepaying the filing fee as moot. Dkt. No. 4. The plaintiff did not object to the recommendation within the fourteen days required by the statute and federal and this court's local rules.[1] The court will adopt that recommendation.

I.     **The Complaint (Dkt. No. 1)**

The plaintiff alleges that on December 14, 2021, she went to Kwik Trip gas station for a car wash and a "birito wrap," as she does every other day. Id.

---

[1] The plaintiff has not objected at all.

1

at 1. She alleges that she started to eat the burrito wrap but that it "tasted funny." Id. It is not clear, but it appears that the plaintiff may have asserted that she looked at the wrap and that it was a pepperoni wrap. Id. The plaintiff alleges that the girl who worked in the cooking area that "always tell's [sic] [the plaintiff] to go Back home" wrote on the wrap with black ink—a happy face and an X mark. Id. The plaintiff says she went back in and "showed them the wrap with ink on it," and the manager apologized and said she told the girl not to put ink on the paper or the wrap itself. Id. at 1-2. The complaint says "filed a claim," though it does not say who did so; it says "took pictures of the wrap," but does not say who did so. Id. at 2. The plaintiff alleges that the manager said "she don't know why why [sic] she did that and they take full responsibility." Id. The plaintiff alleges that the doctors said, when she got sick and showed them the wrap, that they could not "believe that and somebody wrote on that with ink." Id. The plaintiff said that she had enclosed the "Zurich Insure claim number and letter stateing they are not [] obligated to compensate me they are and I want 63.0000 thousand dollars for what they did." Id.

The plaintiff added in a postscript that "Trvis Hoover doe's not want to release my conplaint made on 12-14-2021 to me vilotlation of my right's." Id.

The plaintiff attached to her complaint a copy of a letter that appears to be from the defendant Zurich American Insurance Company. Dkt. No. 1-1 at 1. The letter is addressed to the plaintiff. Id. The letter indicates that the company investigated the plaintiff's claims, found no evidence that she ingested

2

Case 2:22-cv-00399-PP   Filed 08/26/22   Page 2 of 7   Document 5

"anything foreign" or suffered any injury and determined that "[their] insured is not legally liable for" the plaintiff's alleged damages. Id.

## II.     Recommendation (Dkt. No. 4)

Judge Dries construed the complaint as a claim that a Kwik Trip employee wrote on the plaintiff's burrito with black ink, that the plaintiff consumed some of the ink and became ill. Dkt. No. 4 at 1. He concluded that Zurich American Insurance Company was Kwik Trip's insurer and that the plaintiff had filed a claim with Zurich America, which the insurance company denied based on a determination that she had not ingested any ink or suffered any injury. Id. Judge Dries explained that the plaintiff had sued the insurance company, Kwik Trip, a claims specialist with the insurance company (Travis Hoover) and someone whose last name was "Manger." Id. He also noted that although the clerk's office had listed Kwik Trip, Hoover and Manger as defendants, the complaint actually indicated that the plaintiff had only copied Hoover and Manger on a suit against Zurich. Id.

Judge Dries concluded that the plaintiff had brought a tort claim—negligence—and had asked for damages of only $63,000. Id. He explained that because the plaintiff had not alleged a violation of federal law, and because she had not requested damages sufficient to state the amount in controversy sufficient to provide diversity jurisdiction, the federal court did not have jurisdiction to decide the plaintiff's claim. Id. at 2-3.

3

### III. Analysis

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Dries's report and recommendation are clearly erroneous.

Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. Where a defendant alleges that the court has diversity jurisdiction, the parties must be completely diverse. Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806). Each plaintiff must have citizenship different from that of each defendant. Id. Federal courts also have the authority to consider and decide cases that involve violations of federal law or the federal constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. For a court to have federal question jurisdiction, a federal question must be evidenced on the face of the plaintiff's complaint. City of Beloit v. Local 643 of Am. Fed'n of State, Cty. and Mun. Employees, AFL-CIO, 248 F.3d 650, 652 (7th Cir. 2001).

Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law

4

claims relate to a federal claim over which the court has federal question jurisdiction.

The complaint does not state a federal claim on its face. The plaintiff has alleged that a burrito she purchased from Kwik Trip had ink on it and that when she ate it, she became sick. That is a "tort" claim—a personal injury claim. Tort claims against private persons and entities are governed by state law. The court does not have federal question jurisdiction.

As to diversity jurisdiction, the court does not have any information about the residences of the parties. The complaint lists the plaintiff's address as a P.O. box in Waukegan, Illinois. Dkt. No. 1 at 3. The letter from Zurich America reflects that "62 – Liability West" had an address of PO box in Schaumburg, Illinois. Id. Defendant Travis Hoover signed the letter and gave his title as "Claim Specialist;" he provided a telephone number with a (317) area code, which is the area code for Indianapolis, Indiana. Dkt. No. 1-1 at 1. The court has no other information on his state of residence. The same is true of the last defendant, Debera B. Manger. It is unclear whether the plaintiff meant to describe the manager at the Kwik Trip or someone with the last name Manger, but the court has no way of knowing where that individual lives. The plaintiff did not even indicate the location of the Kwik Trip where the incident occurred.

Even if the plaintiff lives in a different state than the one where Zurich has its corporate residence (and, if she meant to sue Kwik Trip, Hoover and Manger, where they have their residences), the plaintiff has requested damages

5

of only $63,000. That is less than the $75,000 minimum amount in controversy required for diversity jurisdiction. The court does not have diversity jurisdiction.

Judge Dries's recommendation that this court dismiss the plaintiff's complaint for lack of subject-matter jurisdiction was not clearly erroneous.

The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim, it normally should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). The court is not dismissing the plaintiff's case for failure to state a claim—it is dismissing the case because it does not have jurisdiction (authority) to decide the issue she had presented. It would be futile to allow the plaintiff to file an amended complaint when this federal court does not have jurisdiction to decide the claim.

## IV. Conclusion

The court **ADOPTS** Judge Dries's recommendation to dismiss the case. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

6

The court **DENIES AS MOOT** the plaintiff's request to proceed without prepaying the filing fee. Dkt. No. 3.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of August, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**